IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK HERROD, § | | |
| BOP No. 15525-010, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:25-cv-831-S-BN | |
| § | | |
| PAMELA JOE BONDI ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Frederick Herrod, a federal prisoner, submitted a filing *pro se* in the Eastern District of Louisiana alleging a violation of the suspension clause of the U.S. Constitution with respect to his habeas rights. *See* Dkt. No. 1.

United States District Judge Karen Gren Scholer referred the construed complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Herrod filed a deficient motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. But prisoners may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Herrod is subject to this three-strikes bar, as he has had more than three lawsuits and appeals dismissed as frivolous in federal court. *See Herrod v. Bondi*, No. CIV-24-803-G, 2025 WL 618865 (W.D. Okla. Feb. 26. 2025); *Herrod v. 79th Members*

*of Congress*, No. 23-40481, 2024 WL 487724 (5th Cir. Feb. 8, 2024); *Herrod v. 79th Members of Congress*, No. 5:23-cv-16-RWS-JBB, 2023 WL 4904278 (E.D. Tex. Aug. 1, 2023); *Ex parte Herrod*, No. 5:22-cv-100-RWS-JBB, 2023 WL 146239 (E.D. Tex. Jan. 10, 2023).

The only exception to this bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But Herrod's allegations do not relate to the conditions of his confinement and do not otherwise plausibly allege that he is currently in imminent danger of serious physical injury. The Court should therefore bar Herrod from proceeding IFP. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Frederick Herrod pays the full filing fee of $405.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE