IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FREDERICK HERROD,          §
BOP No. 15525-010,         §
                           §
          Plaintiff,       §
                           §
V.                         §          No. 3:25-cv-831-S-BN
                           §
PAMELA JOE BONDI ET AL.,   §
                           §
          Defendants.      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Frederick Herrod, a federal prisoner, submitted a filing *pro se* in the Eastern District of Louisiana alleging a violation of the suspension clause of the U.S. Constitution with respect to his habeas rights. *See* Dkt. No. 1.

The case was transferred to this Court. *See* Dkt. No. 5. And the presiding United States district judge referred the construed complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

This Court dismissed Herrod's complaint without prejudice under 28 U.S.C. § 1915(g) because he has had more than three lawsuits and appeals dismissed as frivolous in federal court. *See* Dkt. No. 9, 12, 13.

After the complaint was dismissed, Herrod filed a motion for leave to amend, seeking to add allegations that he is under "imminent danger of actual serious physical injury" to place his complaint under the exception to the bar in 28 U.S.C. § 1915(g). *See* Dkt. Nos. 14, 15.

Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

One such reason is futility: "If the [pleading], as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

The futility analysis "mimics that of a motion to dismiss." *Id.* So, in a civil case, "the court must determine whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' such that he has "'state[d] a claim to relief that is plausible on its face."'" *Id.* at 388-89 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

Here, Herrod's assertions that he is entitled to the imminent danger exception are not plausible. To meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).

"Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

The "specific allegations" must therefore reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

Herrod attempts to twist the definitions of the words in the phrase "imminent danger of serious physical injury" to include an injury to his legal rights, but his argument fails. An alleged legal injury is not sufficient, and Herrod does not provide

- 3 -

any specific allegations of a current threat of physical injury. So the proposed amendment to his complaint is futile.

## Recommendation

The Court should deny Plaintiff Frederick Herrod's motion to amend [Dkt. Nos. 14, 15] as futile.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE